# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **ALFREDO HERRERA,** | ) Case No. 18-CR-00171-CVE |
| a/k/a "Don Herrera," | ) |
| **PEDRO PEREZ, JR.,** | ) |
| **DOMINGO AGUIRRE,** | ) |
| a/k/a "Domingo Francisco Aguirre Diaz," | ) |
| **JAVIER PASSEMENT,** | ) |
| **JOSE PEREGRINA-PAEZ,** | ) |
| a/k/a "Guero," | ) |
| **YOLANDA NICOLE CARTER,** | ) |
| a/k/a "Yoli," a/k/a "Yolanda Blair," a/k/a | ) |
| "Yolanda Nichole Blair," | ) |
| **MARIA ARRELLANO,** | ) |
| a/k/a "Lucy," a/k/a "Maria Luz Arrellano | ) |
| Acosta," | ) |
| **CESIAH SANCHEZ,** | ) |
| a/k/a "Cesi," a/k/a "Mary," | ) |
| **JAVIER HERNANDEZ,** | ) |
| a/k/a "Gordo," | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Joel-lyn McCormick, Assistant United States Attorneys, move the Court to enter a protective order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of

the Federal Rules of Criminal Procedure, and video and audio recordings, and in support thereof states as follows:

1.      Pursuant to Local Criminal Rule 12.1(E), the United States advises the Court that the undersigned Assistant United States Attorney inquired of counsel for the Defendants including William Dixon Lunn, on behalf of Alfredo Herrera, a/k/a "Don Herrera," George Steven Stidham, on behalf of Pedro Perez, Jr., Fred Randolph Lunn, on behalf of Domingo Aguirre, a/k/a "Domingo Francisco Aguirre Diaz," Scott Anthony Troy, on behalf of Javier Passement, William Patrick Widell, Jr., on behalf of Jose Peregrina-Paez, a/k/a "Guero," Stephen G. Layman, on behalf of Yolanda Nicole Carter, a/k/a "Yoli," a/k/a "Yolanda Blair," a/k/a "Yolanda Nichole Blair," Terry Lee Weber, on behalf of Maria Arrellano, a/k/a "Lucy," a/k/a "Maria Luz Arrellano Acosta," Thomas Matthew Wright, on behalf of Cesiah Sanchez, a/k/a "Cesi," a/k/a "Mary," and John Mikel Dunn, on behalf of Javier Hernandez, a/k/a "Gordo," regarding their position in reference to this motion, and at the time of this filing, the government has only received responses from Mr. Wright and Mr. Stidham, and they have no objection. The government is proceeding with the filing of this motion so as to expedite dissemination of discovery under protective order. A protective order is necessary based on the nature of the government's discovery. Multiple defense counsel have demanded discovery; however, they have been nonresponsive as to whether they object to this motion. The attorneys demanding discovery are among those who refuse to respond to the government's inquiry. The government seeks a protective order so it can begin disseminating discovery.

2. The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988). This material includes a transcript of grand jury testimony in which confidential informant(s) are identified by name. Id., § 3500(e)(3); *United States v. Bailey*, 944 F.2d 911, 1991 WL 180087 (10th Cir. (Colo.)) (unpublished) (citing *United States v. Knowles*, 594 F.2d 753, 755 (9th Cir. 1979).

3. Fed. R. Crim P. 26.2(a) states that after a witness has testified on direct examination, the Defendant is entitled to a transcript of the grand jury testimony and investigative materials of the witness.

4. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states ""an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules."" There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5. It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial.

6. Additionally, this investigation includes audio recordings of telephone calls or in person meetings involving confidential informants.

7. The government intends to provide law enforcement reports which reference interaction between confidential informants and the defendants.

8. In order to protect the individuals who have provided assistance in the criminal investigation and could be potentially targeted, threatened and intimidated,[1] to protect the ongoing investigation, prevent the destruction of evidence, prevent targets from becoming fugitives, to protect the sanctity and the secrecy of the grand jury process, prevent the intimidation of others who may have cooperated previously or are now cooperating and to protect the Government's attorney if she discloses to Defendant's counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for all documents provided to the Defendant, requiring that Defendant shall:

a. not disseminate the transcripts and other investigative materials provided pursuant to discovery for any purpose other than to those individuals identified in subparagraph c;

b. return the transcripts and other investigative materials provided pursuant to discovery to the United States Attorney's Office as soon as reasonably possible after the conclusion of the trial or any subsequent appeal in this matter;

c. not show the transcripts and other investigative materials provided pursuant to discovery to anyone with the exception of the Defendant, Defendant's attorney of record in this case and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

---

[1] Cooperating witnesses and confidential informants are regarded as "snitches" or "rats" by their criminal associates. Dissemination of these individuals' statements poses obvious dangers, especially where they are incarcerated in the same facility. The argument that letting the defendant read the material allows him to talk about what he read is no different than providing the written documents ignores the obvious when dealing with criminals. It is not the same kind of damage. Documentary evidence of a witness's betrayal is more compelling than a verbal statement because there is an actual writing or a piece of paper containing information which can facilitate retaliation or intimidation of a witness.

      d.      not reproduce the documents, transcripts and other investigative materials for dissemination to any persons or parties other than those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

      9.      Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, law enforcement reports, video recordings and audio recordings generated through the criminal investigation.

                                      R. TRENT SHORES
                                      UNITED STATES ATTORNEY

                            By    */s/ Joel-lyn A. McCormick*
                                    Joel-lyn A. McCormick, 18240
                                    Assistant United States Attorney
                                    110 West 7th Street, Suite 300
                                    Tulsa, OK 74119-1013
                                    918/382-2700

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 29th day of August 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | | |
|---|---|---|
| William Dixon Lunn<br>Wlunn@peoplepc.com<br>Attorney for Alfredo Herrera | George Steven Stidham<br>Gstidham@stidhamlawpc.com<br>Attorney for Pedro Perez, Jr. | Fred Randolph Lynn<br>Fredrandolphlynn@gmail.com<br>Attorney for Domingo Aguirre |
| Scott Anthony Troy<br>Scott.troy@morelaw.com<br>Attorney for Javier Passement | William Patrick Widell, Jr.<br>William_widell@fd.org<br>Attorney for Jose Peregrina-Paez | Stephen G. Layman<br>Steve@laymanmorris.com<br>Attorney for Yolanda Nicole Carter |
| Terry Lee Weber<br>Terry.weber@morelaw.com<br>Attorney for Maria Arrellano | Thomas Matthew Wright<br>Tom@wswlaw.com<br>Attorney for Cesiah Sanchez | John Mikel Dunn<br>Jmdunn@johndunnlaw.com<br>Attorney for Javier Hernandez |

                                          */s/ Joel-lyn A. McCormick*
                                          Joel-lyn A. McCormick
                                          Assistant United States Attorney