## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.  18-CR-00171-CVE** |
| | ) | |
| **JOSE PEREGRINA-PAEZ,** | ) | |
| a/k/a "Guero," | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLEA AGREEMENT PURSUANT TO
## <u>FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)</u>

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Joel-lyn A. McCormick, Assistant United States Attorney, and the defendant, **JOSE PEREGRINA-PAEZ**, a/k/a "Guero," in person and through counsel, WILLIAM WIDELL, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1.    <u>Plea</u>

The defendant agrees to enter voluntary pleas of guilty to the following:

A.    **Count One**– Money Laundering Conspiracy, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2), and

B.    **Count Three** - Drug Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii),

Defendant's Initials

as set forth in the Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count[s] to which the defendant is pleading guilty.

### 2.   Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.     the right to be indicted if proceeding by Information;

b.     the right to plead not guilty;

c.     the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.     at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.     the defendant has the right to assist in the selection of the jury;

f.     during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.     the defendant has the right to confront and cross-examine witnesses against the defendant;

h.     if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.     if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.     if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

Defendant's Initials

k.      at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.      Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.      The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.      The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.      The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

*Jose Peregrina*

**JOSE PEREGRINA-PAEZ**

3

Revised 04-23-18

*J P*

Defendant's Initials

### 4.   Departure and Variance Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following:

a.    the defendant agrees not to request, recommend, or file a motion seeking a departure from the Guidelines range pursuant to Chapter Four of the Sentencing Guidelines; and

b.    the defendant agrees not to request, recommend, or file a motion seeking a variance below the Guidelines range pursuant to the § 3553(a) factors.

### 5.   Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 6.   Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.    A plea of guilty which is later withdrawn or which the defendant seeks to withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b.    Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

Revised 04-23-18

4

Defendant's Initials

c.      Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 7.      Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Superseding Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.      Forfeiture Agreement

The defendant, **JOSE PEREGRINA-PAEZ**, agrees to the entry of criminal forfeiture money judgment, pursuant to 18 U.S.C. §982(a)(1) and 21 U.S.C. §§853(a) and (p), in the amount of $250,000.00, representing proceeds he obtained directly or indirectly as a result of the money laundering and drug conspiracy offenses.

The defendant, **JOSE PEREGRINA-PAEZ**, understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.  The

5

Revised 04-23-18

Defendant's Initials

defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the announcement of the forfeiture at sentencing, and incorporation of the forfeiture judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant, **JOSE PEREGRINA-PAEZ,** understands that he shall forfeit substitute property, up to the value of the money judgment described above, if by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

### 9.   Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.  The defendant understands that, by law, interest accrues on any remaining balance of the debt.

6

Defendant's Initials

**10.**    **Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**11.**    **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 1956(h) and 1956(a)(2) are as follows:

a.    Two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956 or 1957;

b.    The Defendant knew about the plan's unlawful purpose and voluntarily joined in it; and

c.    There was interdependence among the members of the conspiracy.

The elements that the United States must prove beyond a reasonable doubt in order to convict under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) are as follows:

a.    Two or more persons agreed to violate the federal drug laws;

b.    The defendants knew the essential objective of the conspiracy;

c.    The defendants knowingly and voluntarily involve himself in the conspiracy;

d.    There was interdependence among the members of the conspiracy; and

e.    The overall scope of the conspiracy involved at least 500 grams of methamphetamine.

7

Defendant's Initials

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **JOSE PEREGRINA-PAEZ**, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count One in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crime.

> I, JOSE PERIGRINA-PAEZ, admit that beginning in or about April 1, 2018, and continuing to on or about February 2019, in the Northern District of Oklahoma, I agreed with two or more people to violate federal drug laws. I understand that the overall objective of the conspiracy was to possess with intent to distribute and to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance. I knowingly and voluntarily involved myself in the conspiracy. I participated in a shared criminal purpose and understand that my actions constituted an essential and integral step toward the realization of that purpose. During the same period of time, I agreed with at least one other person to transfer money from the Northern District of Oklahoma to Mexico in violation of federal law. Conspirators and I dropped currency off at various businesses within the Northern District for the purpose of laundering and transferring such currency, thereby furthering the conspiracy's objective. I understood that essential objectives of the conspiracy. The members of the conspiracy intended to act together for their shared mutual benefit within the scope of the conspiracy.

_Jose Peregrina_
JOSE PERIGRINA-PAEZ
Defendant

_8/9/2019_
Date

## 12.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of

Revised 04-23-18

Defendant's Initials

this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Superseding Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service.  The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

### 13.    **Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

9

Defendant's Initials

## 14.   Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

## 15.   Sentence

10

Defendant's Initials

### a.   Imprisonment

The defendant acknowledges that under 18 U.S.C. § 1956(h), the maximum statutory sentence is 20 years imprisonment, and a fine of not more than $500,000, or twice the value of the monetary instrument or funds involved whichever is greater.

The defendant also acknowledges that under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), the minimum statutory sentence is 10 years imprisonment and up to life imprisonment, and a fine of not more than $10,000,000

Revised 04-23-18

Defendant's Initials

**b.     Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that pursuant to 18 U.S.C. § 1956(h), the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

The defendant is also aware, if imprisonment is imposed for the defendant's violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment at least 5 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18

Revised 04-23-18

Defendant's Initials

U.S.C. § 3583(e)(3).  Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### c.    Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).  The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.  The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.  The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

### 16.    Stipulations

The defendant and the United States stipulate and agree as follows:

13

Revised 04-23-18

Defendant's Initials

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of 156 months.  This stipulated sentence departs from the anticipated guidelines calculation for the violation to which the defendant is pleading guilty.  The parties agreed to this stipulated sentence based on §3553(a) factors.  The parties agree that the stipulated sentence as described above would serve the best interest of justice.

b.      The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

c.      Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

## 17.     Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 18.     Breach of Agreement

14

Defendant's Initials

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that JOSE PERIGRINA-PAEZ, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

19.  **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is

15

Revised 04-23-18

Defendant's Initials

routinely done in every case, even though there may or may not be any additional terms)

and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY


JOEL-LYN A. McCORMICK                    8/9/19
Assistant United States Attorney          Dated


WILLIAM WIDELL                            8/8/2019
Attorney for Defendant                    Dated


JOSE PERIGRINA-PAEZ                        8/8/2019
Defendant                                 Dated

Revised 04-23-18

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Jose Peregrina_

JOSE PERIGRINA-PAEZ

Defendant

Dated _8/8/2019_

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_Will P Widell_

WILLIAM WIDELL

Counsel for the Defendant

Dated _8/8/2019_

Revised 04-23-18

Defendant's Initials