**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-CR-0171-006-CVE |
| ) | (21-CV-0452-CVE-SH) |
| **JOSE PEREGRINA-PAEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is defendant Jose Peregrina-Paez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 373) and defendant's motion to withdraw guilty plea (Dkt. # 376).[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Court has reviewed defendant's § 2255 motion and it appears that defendant's motion is untimely. The Court ordered defendant to show cause why his motion was timely, and defendant failed to file a response to the Court's order.

On February 12, 2019, a grand jury returned a superseding indictment (Dkt. # 165) charging defendant with money laundering conspiracy (counts one and two), drug conspiracy (count three),

---

[1] The motion to withdraw guilty plea (Dkt. # 376) simply repeats the claims alleged in defendant's § 2255 motion. Defendant requests withdrawal of his guilty pleas and resentencing as part of this § 2255 motion, and the motion does not assert new claims that could be construed as a second or successive § 2255 motion. The Court will treat the motion to withdraw guilty plea (Dkt. # 376) as a supplement to defendant's § 2255 motion, rather than as a second or successive § 2255 motion.

distribution of methamphetamine (counts four, six, eight, ten, twelve, fourteen, and sixteen), maintaining a drug-involved premises (count seventeen), and use of a communication facility to commit or cause a drug trafficking crime (counts twenty, twenty-two through twenty-eight, thirty through thirty-two, thirty-five, and thirty-six). Defendant was unable to afford an attorney and the Court appointed William Widell to represent him. Dkt. # 76. Defendant changed his plea to guilty as to counts one and three pursuant to a plea agreement, and an interpreter was present for the change of plea hearing. Dkt. # 307. The plea agreement contains a binding stipulation pursuant to Fed. R. Crim. P. 11(c)(1)(C) for a sentence of 156 months imprisonment. A presentence investigation report (PSR) was prepared, and the PSR stated that the advisory guideline range for count three was life imprisonment. The sentencing hearing was held on November 21, 2019, and the Court accepted the plea agreement. Judgment and commitment was entered on November 22, 2019, and defendant received a sentence of imprisonment of 156 months. Defendant did not file a notice of appeal, and his convictions become final on December 6, 2019 when his deadline to file a notice of appeal expired.

On October 15, 2021, defendant filed a § 2255 motion alleging ineffective assistance claims, and he asks the Court to allow him to withdraw his guilty plea and receive a reduced sentence.[2] Dkt. # 373. Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

> (1) the date on which the judgment of conviction becomes final;

---

[2]  Defendant does not claim that he ever demanded that his attorney take the case to a jury trial, and he is not seeking to withdraw his guilty plea and proceed to a jury trial. Defendant is simply asking the Court to reduce his sentence based on his allegations that he should not have been convicted of a drug trafficking offense.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Defendant's convictions became final on December 6, 2019 when his deadline to file a notice of appeal expired, and his § 2255 motion would be timely only if it were filed on or before December 6, 2020. Defendant's § 2255 motion (Dkt. # 373) was received by the Court Clerk on October 15, 2021 and it was placed in the mail on October 12, 2021. Even using the earlier mailing date, defendant's § 2255 motion could not be deemed to have been filed within one year of the date his convictions became final, and his § 2255 motion is untimely under § 2255(f)(1). The Court can discern no other basis under § 2255(f) under which defendant's motion could be timely, and his § 2255 motion is untimely.

Defendant argues that he did not actually possess any drugs when he was arrested, and he could be asserting a claim of actual innoncence. Dkt. # 373, at 4. In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court found that a convincing claim of actual innocence based on new evidence could permit a federal district court to entertain an untimely first motion under 28 U.S.C. § 2254 to prevent a miscarriage of justice. McQuiggin, 569 U.S. at 397-98. The Tenth Circuit has applied McQuiggin to untimely § 2255 motions and the Court may consider whether defendant's assertion of actual innocence excuses the untimeliness of his § 2255 motion. United States v. Bowen, 936 F.3d 1091, 1108 (10th Cir. 2019). To invoke the miscarriage of justice exception, a claimant must "show that it is more likely than not that no reasonable juror would have convicted

3

him in the light of the new evidence." McQuiggin, 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). A court may consider whether the claimant acted diligently in presenting the new evidence to the court as part of its assessment concerning the claimant's credibility and the reliability of the evidence. Id. The Tenth Circuit has been clear that equitable tolling of the statute of limitations "is rare and will 'only be applied in extraordinary circumstances.'" Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (quoting Schlup, 513 U.S. at 321).

The Court has reviewed defendant's § 2255 motion (Dkt. # 373), and finds that no miscarriage of justice will result if his motion is dismissed as time-barred. When reviewing a claim of actual innocence, a court may consider whether the defendant pled guilty and admitted to the essential elements of the charged offense. United States v. McAbee, 685 F. App'x 682, 686 (10th Cir. Apr. 20, 2017).[3] Defendant admitted to the essential elements of counts one and three at the change of plea hearing, and he signed a petition admitting to the following facts:

> Beginning on or about April 1, 2018 and continuing until on or about February of 2019, in the Northern District of Oklahoma, I agreed with one or more persons to violate federal drug laws. I understood that the overall objective of the conspiracy was to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance. I knowingly and voluntarily involved myself in the conspiracy. I participated in a shared criminal purpose and understand that my actions constituted an essential and integral step toward the realization of that purpose. During the same period of time, I agreed with at least one other person to transfer money from the Northern District of Oklahoma to Mexico in violation of federal law. Conspirators dropped currency off at various businesses within the Northern District for the purpose of laundering and transferring such currency, thereby furthering the conspiracy's objective. I understood the essential objective of the conspiracy. The members of the conspiracy intended to act together for their shared mutual benefit within the scope of the conspiracy.

---

[3]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Dkt. # 309, at 2.  Defendant's motion (Dkt. # 373) focuses on his allegations that he does not speak English, and he makes only vague assertions that he was actually innocent of the offenses to which he pled guilty.  Dkt. # 373, at 4-6.  Defendant's § 2255 motion does not state any facts that could reasonably qualify as new evidence of his factual innocence, and the Court finds that he may not rely on a claim of actual innocence to excuse the untimeliness of his § 2255 motion.

The Court has considered the claims raised in defendant's § 2255 motion (Dkt. # 373) and finds that his motion should be dismissed as time-barred.  Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right.  The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 373) is **dismissed as time-barred**.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that the docket sheet should be amended to reflect that defendant's motion to withdraw guilty plea (Dkt. # 376) is a supplement to his § 2255 motion.

**DATED** this 15th day of February, 2023.